**IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

OFFICE OF THE ATTORNEY GENERAL,
THE STATE OF FLORIDA,
Department of Legal Affairs; and
THE STATE OF CONNECTICUT,
Office of the Attorney General,

     Plaintiffs,

     v.                                    CASE No. 8:14-cv-1825-T-30MAP

BERGER LAW GROUP, P.A., a Florida
professional association; IAN BERGER, an individual;
LITIGATION LAW, LLC, a Florida limited liability
company; GARY DIGIROLAMO, an individual;
THE RESOLUTION LAW GROUP, P.C.,
a Connecticut professional corporation;
R. GEOFFREY BRODERICK, an individual;
THE RESOLUTION LAW CENTER, LLC,
a Florida limited liability company; DAVID
FRIEDMAN, an individual; STEPHEN R.
KOPOLOW, P.C., a Nevada professional corporation;
STEPHEN KOPOLOW, an individual; ONISAK, LLC,
a Nevada limited liability company; REMARQUE
HOLDINGS, LLC, a Nevada limited liability company;
PHILIP KRAMER a/k/a "BILL GOODMAN,"
an individual; and CHRISTOPHER WRIGHT FOX
a/k/a "KIT WRIGHT," an individual,

     Defendants.
_____/

**PRELIMINARY INJUNCTION AS TO DEFENDANTS LITIGATION LAW, LLC, THE
<u>RESOLUTION LAW GROUP, P.C., AND THE RESOLUTION LAW CENTER, LLC</u>**

     THIS CAUSE came on for consideration upon Plaintiffs' Motion for Ex Parte Temporary

Restraining Order with Asset Freeze and Other Equitable Relief and Order to Show Cause Why a

1

Preliminary Injunction Should Not Issue ("Motion") (Dkt. # 6), the Report and Recommendation submitted by Magistrate Judge Mark A. Pizzo (Dkt. # 45), and this Court's September 15, 2014 Order (Dkt. # 48). The Court, having reviewed the Motion and all related filings, and being otherwise fully advised in the premises, finds that this Preliminary Injunction as to Defendants Litigation Law, LLC, The Resolution Law Group, P.C., and the Resolution Law Center, LLC, shall be entered.

On July 29, 2014, Plaintiffs, the State of Florida and the State of Connecticut, filed a complaint (Dkt. # 1) pursuant to (1) Section 1055 of the Consumer Financial Protection Act of 2010, 12 U.S.C. § 5565; (2) Section 626 of the Omnibus Appropriations Act of 2009, as amended by Section 1097 of the CFPA, 12 U.S.C. § 5538, and the Mortgage Assistance Relief Services Rule, 12 C.F.R. Part 1015 ("Regulation O"); (3) the Florida Deceptive and Unfair Trade Practices Act ("FDUPTA"), Chapter 501, Part II, Florida Statutes; (4) Florida's Civil Theft law, Sections 812.035(5), 812.041, Florida Statutes; and (5) the Connecticut Unfair Trade Practices Act ("CUTPA"), Chapter 735a of the Connecticut General Statutes. The Complaint alleges that Defendants' acts or practices violate these laws in connection with the marketing and sale of their mortgage assistance relief services. The Complaint seeks preliminary and permanent injunctive relief, rescission or reformation of contracts, the refund of monies paid, restitution, disgorgement of ill-gotten monies, and other equitable relief, as well as civil money penalties.

Contemporaneously with the filing of the Complaint, Plaintiffs also filed a Motion For *Ex Parte* Temporary Restraining Order With Asset Freeze and Other Equitable Relief and Order to Show Cause Why A Preliminary Injunction Should Not Issue and Memorandum In Support (Dkt. # 6), and an *Ex Parte* Application For Appointment of Receiver and Memorandum of Law In Support (Dkt. # 8).

On August 1, 2014, following an *ex parte* hearing and careful review of the Plaintiffs' motions and all related filings, the Court entered an *Ex Parte* Temporary Restraining Order with Asset Transfer Restrictions And Partial Asset Freeze, Appointment of Temporary Receiver, and Other Equitable Relief and Order to Show Cause Why a Preliminary Injunction Should Not Issue (Dkt. # 10) ("TRO ").  In the TRO, the Court set the preliminary injunction hearing for August 12, 2014 at 9:30 a.m. (*Id.* at p. 44) and set the TRO to expire on August 15, 2014 at 5 p.m.  (*Id.* at p. 43).

Subsequently, the matter came before the Honorable Mark A. Pizzo for a status hearing on August 8, 2014 (Dkt. # 17 & 30).  At that status hearing, Plaintiffs and Defendants Berger Law Group, P.A., Ian Berger, Gary DiGirolamo, R. Geoffrey Broderick, and David Friedman reached agreement, in principle, on a stipulated preliminary injunction.  Defendants Litigation Law, LLC, The Resolution Law Group, P.C., and the Resolution Law Center, LLC were not represented by counsel at the August 8, 2014 status hearing.  Judge Pizzo advised Defendants Litigation Law, LLC, The Resolution Law Group, P.C., and the Resolution Law Center, LLC to obtain counsel and respond to the Motion by August 12, 2014.  On August 11, 2014, the Court cancelled the August 12, 2014 preliminary injunction hearing.

On August 20, 2014, Plaintiffs notified the Court that Defendants Berger Law Group, P.A., Ian Berger, Gary DiGirolamo, R. Geoffrey Broderick, and David Friedman had indeed reached agreement with Plaintiffs on terms for a stipulated preliminary injunction (Dkt. # 40). Consequently, on August 22, 2014, this Court entered a preliminary injunction as to Defendants Berger Law Group, P.A., Ian Berger, Gary DiGirolamo, R. Geoffrey Broderick, and David Friedman only (Dkt. # 42).

On August 26, 2014, Judge Pizzo issued his report and recommendation (Dkt. # 45), in which he recommended that a preliminary injunction be entered against Defendants Litigation Law, LLC, The Resolution Law Group, P.C., and the Resolution Law Center, LLC.   On September 15, 2014, noting that no objections had been filed to Judge Pizzo's Report and Recommendation and that the time for filing such objections had lapsed, the Court adopted, confirmed and approved in all respects Judge Pizzo's Report and Recommendation.   As a result, the Court now enters this preliminary injunction against Defendants Litigation Law, LLC, The Resolution Law Group, P.C., and the Resolution Law Center, LLC.

**FACTUAL AND LEGAL FINDINGS**

Having considered the Motion and all related filings, and being otherwise fully advised in the premises, the Court finds that:

1.       This Court has jurisdiction over the subject matter of this case, there is good cause to believe that it will have jurisdiction over all the parties hereto, and venue in this district is proper;

2.       The elements necessary for a preliminary injunction have been met:

   a.       Plaintiffs are likely to prevail on the merits of this action;

   b.       The public is likely to suffer irreparable harm in the absence of a preliminary injunction; and

   c.       The balance of hardships tip in Plaintiffs' favor and a preliminary injunction is in the public interest;

3.       Good cause exists to continue the asset freeze and the other equitable relief ordered, including, but not limited to:  the appointment of a receiver over the Litigation Law, LLC, The Resolution Law Group, P.C., Berger Law Group, P.A., and The Resolution Law Center, LLC (collectively "Receivership Defendants"); Plaintiffs' and the Receiver's continued access to

Receivership Defendants' business premises; and expedited discovery for Plaintiffs and the Receiver with regard to all Defendants; and

4.      The current security of a $50,000 bond posted by Plaintiffs on August 7, 2014, continues to be sufficient pursuant to Fed. R. Civ. P. 65(c).

**DEFINITIONS**

For the purposes of this Preliminary Injunction, the Definitions set forth in the TRO are adopted as if they were fully set forth herein.

**I. PROHIBITED MISREPRESENTATIONS**

It is hereby **ORDERED AND ADJUDGED** that Defendants Litigation Law, LLC, The Resolution Law Group, P.C., and the Resolution Law Center, LLC and their successors, assigns, officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with any of them, who receive actual notice of the TRO or this Preliminary Injunction by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering for sale, sale, or performance of any mortgage assistance relief product or service, are hereby enjoined from falsely representing, or from assisting others who are falsely representing, expressly or by implication, any of the following:

A. That any Defendant or any other person will or likely will obtain for consumers mortgage loan modifications that substantially reduce consumers' mortgage payments or interest rates or help consumers avoid foreclosure;

B. The degree of success that any Defendant or any other person has had in performing any mortgage assistance relief service;

C.   The nature of any Defendant's or any other person's relationship with any mortgage loan holder or servicer, or other secured or unsecured lender; or

D.   The amount of time it will take or is likely to take to obtain or arrange a renegotiation, settlement, modification, or other alteration of the terms of any secured or unsecured debt, including but not limited to the modifications of any term of a consumer's home loan, deed of trust, or mortgage, including any recapitalization or reinstatement agreement.

## II. DISCLOSURES REQUIRED BY AND REPRESENTATIONS PROHIBITED BY REGULATION O

It is further **ORDERED AND ADJUDGED** that Defendants Litigation Law, LLC, The Resolution Law Group, P.C., and the Resolution Law Center, LLC and their successors, assigns, officers, agents, servants, employees, independent contractors, and attorneys, and those persons in active concert or participation with any of them, who receive actual notice of the TRO or this Preliminary Injunction by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering for sale, sale, or performance of any good or service, are hereby enjoined from engaging in, or assisting others engaging in, the following conduct:

A.   Representing, expressly or by implication, that a consumer cannot or should not contact or communicate with his or her lender or servicer, in violation of 12 C.F.R. § 1015.3(a) (2012);

B.   Failing to make the following disclosure clearly and prominently in all general and consumer-specific commercial communications: "[Name of Company] is not

associated with the government, and our service is not approved by the government or your lender," in violation of 12 C.F.R. §§ 1015.4(a)(1), 1015.4(b)(2);

C. Failing to make the following disclosure clearly and prominently in all general and consumer-specific commercial communications: "Even if you accept this offer and use our service, your lender may not agree to change your loan," in violation of 12 C.F.R. §§ 1015.4(a)(2), 1015.4(b)(3);

D. Failing to make the following disclosure clearly and prominently in all consumer-specific commercial communications: "You may stop doing business with us at any time. You may accept or reject the offer of mortgage assistance we obtain from your lender [or servicer]. If you reject the offer, you do not have to pay us. If you accept the offer, you will have to pay us [insert amount or method for calculating the amount] for our services," in violation of 12 C.F.R. § 1015.4(b)(1). For the purposes of this section, the amount "you will have to pay" shall consist of the total amount the consumer must pay to purchase, receive, and use all of the mortgage assistance relief services that are the subject of the sales offer, including but not limited to, all fees and charges.

E. Failing, in all general commercial communications, consumer-specific commercial communications, and other communications in cases where any Defendant or person has represented, expressly or by implication, in connection with the advertising, marketing, promotion, offering for sale, sale, or performance of any mortgage assistance relief service, that the consumer should temporarily or permanently discontinue payments, in whole or in part, on a dwelling loan, to place clearly and prominently, and in close proximity to any such representation the following

disclosure: "If you stop paying your mortgage, you could lose your home and damage your credit rating," in violation of 12 C.F.R. § 1015.4(c); and

F.   Any other conduct in violation of 12 C.F.R. Part 1015.

## III. PROHIBITION ON COLLECTION OF ADVANCE OR MAINTENANCE FEES

It is further **ORDERED AND ADJUDGED** that Defendants Litigation Law, LLC, The Resolution Law Group, P.C., and the Resolution Law Center, LLC and their officers, agents, servants, employees, independent contractors, and attorneys, and those persons in active concert or participation with any of them, who receive actual notice of the TRO or this Preliminary Injunction by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidy, division, or other device, in connection with the advertising, marketing, promotion, offering for sale, sale, or performance of any mortgage assistance relief service, are hereby enjoined from asking for or receiving any advance or maintenance fees for mass-joinder or related suit or proceeding.

## IV. PRESERVATION OF RECORDS AND TANGIBLE THINGS

It is further **ORDERED AND ADJUDGED** that Defendants Litigation Law, LLC, The Resolution Law Group, P.C., and the Resolution Law Center, LLC and their successors, assigns, officers, agents, servants, employees, independent contractors, and attorneys, and those persons in active concert or participation with any of them, who receive actual notice of the TRO or this Preliminary Injunction by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, affiliate, or other device, are hereby enjoined from destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any Documents or records that relate

to the business practices, or business or personal finances of any Defendant, or other entity directly or indirectly under the control of any Defendant.

## V. DISABLEMENT OF WEBSITES

It is further **ORDERED AND ADJUDGED** that (1) any person hosting any Internet website for, or on behalf of, Defendants Litigation Law, LLC, The Resolution Law Group, P.C., or the Resolution Law Center, LLC, and (2) Defendants Litigation Law, LLC, The Resolution Law Group, P.C., and the Resolution Law Center, LLC and their successors, assigns, officers, agents, servants, employees, independent contractors, and attorneys, and those persons in active concert or participation with any of them, who receive actual notice of the TRO or Preliminary Injunction by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, shall:

A. Immediately do whatever is necessary to ensure that any Internet website used by Defendants for the advertising, marketing, promotion, offering for sale, sale, or performance of any mortgage assistance relief service, including but not limited to www.theresolutionlawgroup.com and www.thebergerlawgroup.com, containing statements, representations, or omissions prohibited by Sections I and II of this Preliminary Injunction cannot be accessed by the public;

B. Prevent the destruction or erasure of any Internet website used by Defendants for the advertising, marketing, promotion, offering for sale, sale, or performance of any mortgage assistance relief service, by preserving such website in the format in which it is maintained currently; and

C. Immediately notify Plaintiffs' counsel and the Receiver, in writing, of any other Internet website operated or controlled by any Defendant.

## VI. SUSPENSION OF INTERNET DOMAIN NAME REGISTRATIONS

It is further **ORDERED AND ADJUDGED** that any domain name registrar shall suspend the registration of any Internet website used by Defendants Litigation Law, LLC, The Resolution Law Group, P.C., and the Resolution Law Center, LLC for the advertising, marketing, promotion, offering for sale, sale, or performance of any mortgage assistance relief service, and containing statements, representations, or omissions prohibited by Sections I and II of this Preliminary Injunction, and provide immediate notice to the Receiver and Plaintiffs' counsel of any other Internet domain names registered or controlled by Defendants Litigation Law, LLC, The Resolution Law Group, P.C., or the Resolution Law Center, LLC.

## VII. ASSET TRANSFER RESTRICTIONS AND ASSET FREEZE

It is further **ORDERED AND ADJUDGED** that Defendants Litigation Law, LLC, The Resolution Law Group, P.C., and the Resolution Law Center, LLC and their successors, assigns, officers, agents, servants, employees, independent contractors, and attorneys, and all persons directly or indirectly under the control of any of them, including any financial institution, and all other persons in active concert or participation with any of them, who receive actual notice of the TRO or this Preliminary Injunction by personal service, facsimile, email, or otherwise, are hereby enjoined from directly or indirectly:

A. Selling, liquidating, assigning, transferring, converting, loaning, hypothecating, disbursing, gifting, conveying, encumbering, pledging, concealing, dissipating, spending, withdrawing, or otherwise disposing of any Asset that is:

- in the actual or constructive possession of Defendants Litigation Law, LLC, The Resolution Law Group, P.C., or the Resolution Law Center, LLC; or

- in the actual or constructive possession of, or owned or controlled by, or subject to access by, or belonging to, any corporation, partnership, trust or other entity directly or indirectly owned, managed or controlled by Defendants Litigation Law, LLC, The Resolution Law Group, P.C., or the Resolution Law Center, LLC;

B.  Opening, or causing to be opened, any safe deposit box, commercial mail box, or storage facility belonging to, for the use or benefit of, controlled by, or titled in the name of Defendants Litigation Law, LLC, The Resolution Law Group, P.C., or the Resolution Law Center, LLC, or subject to access by Defendants Litigation Law, LLC, The Resolution Law Group, P.C., or the Resolution Law Center, LLC;

C.  Incurring changes or cash advances on any credit card, stored value card, debit card or charge card issued in the name, singly or jointly, of Defendants Litigation Law, LLC, The Resolution Law Group, P.C., or the Resolution Law Center, LLC or any other entity directly or indirectly owned, managed, or controlled by Defendants Litigation Law, LLC, The Resolution Law Group, P.C., or the Resolution Law Center, LLC; or

D.  Cashing any checks from consumers, clients, or customers of Defendants Litigation Law, LLC, The Resolution Law Group, P.C., The Berger Law Group or the Resolution Law Center, LLC.

The Assets affected by this Section shall include: (a) all Assets of Defendants Litigation Law, LLC, The Resolution Law Group, P.C., or the Resolution Law Center, LLC as of the time the TRO was entered, and (b) those Assets obtained or received after entry of the TRO that are derived, directly or indirectly, from the actions alleged in Plaintiffs' Complaint. This Section does not prohibit transfers to the Receiver, as specifically required in Section XV (Delivery of

Receivership Property), nor does it prohibit the Repatriation of Foreign Assets, as specifically required in Section X of this Preliminary Injunction.

## VIII. RETENTION OF ASSETS AND RECORDS BY FINANCIAL INSTITUTIONS AND OTHER THIRD PARTIES

It is further **ORDERED AND ADJUDGED** that, except as otherwise ordered by this Court, any financial or brokerage institution, business entity, electronic data host, Internet or "e-currency" payment processor, or person served with a copy of the TRO or this Preliminary Injunction, or who otherwise has actual or constructive knowledge of the TRO or this Preliminary Injunction, that holds, controls, or maintains custody of any account, Document, or Asset of, on behalf of, in the name of, for the benefit of, subject to withdrawal by, subject to access or use by, or under the signatory power of Defendants Litigation Law, LLC, The Resolution Law Group, P.C., or the Resolution Law Center, LLC, or other party subject to Section VII above, or has held, controlled, or maintained any such account, Document, or Asset at any time since January 1, 2011, shall:

A.  Hold, preserve, and retain within such person's control, and prohibit the withdrawal, removal, alteration, assignment, transfer, pledge, hypothecation, encumbrance, disbursement, dissipation, conversion, sale, liquidation, or other disposal of such account, Document, or Asset held by or under such person's control, except as directed by further order of the Court or as directed in writing by the Receiver regarding accounts, Documents, or Assets held in the name of or benefit of any Receivership Defendant;

B.  Provide the Receiver, the Receiver's agents, Plaintiffs, and Plaintiffs' agents immediate access to Documents, including those electronically stored, hosted, or otherwise

maintained on behalf of Defendants Litigation Law, LLC, The Resolution Law Group, P.C., or the Resolution Law Center, LLC for forensic imaging or copying;

C. Deny access to any safe deposit box, commercial mail box, or storage facility belonging to, for the use or benefit of, controlled by, or titled in the name of Defendants Litigation Law, LLC, The Resolution Law Group, P.C., or the Resolution Law Center, LLC, or subject to access by Defendants Litigation Law, LLC, The Resolution Law Group, P.C., or the Resolution Law Center, LLC or other party subject to Section VII (Asset Transfer Restrictions and Asset Freeze) above, except that this subsection shall not limit the Receiver's access to such places;

D. Upon request by Plaintiffs' counsel or the Receiver, provide to them, within five business days, a sworn statement setting forth:

- the identification of each account or Asset titled in the name, individually or jointly, or held on behalf of or for the benefit of, subject to withdrawal by, subject to access or use by, or under the signatory power of Defendants Litigation Law, LLC, The Resolution Law Group, P.C., or the Resolution Law Center, LLC or other party subject to Section VII above, whether in whole or in part;

- the balance of each such account, or a description of the nature and value of such Asset, as of the close of business on the day on which this Preliminary Injunction is served;

- the identification of any safe deposit box, commercial mail box, or storage facility belonging to, for the use or benefit of, controlled by, or titled in the name of Defendants Litigation Law, LLC, The Resolution Law Group, P.C., or

13

the Resolution Law Center, LLC, or subject to access by Defendants Litigation Law, LLC, The Resolution Law Group, P.C., or the Resolution Law Center, LLC or other party subject to Section VII above, whether in whole or in part; and

- if the account, safe deposit box, or other Asset has been closed or removed, the date closed or removed, the balance on said date, and the name or the person or entity to whom such account or other Asset was remitted;

E. Provide to Plaintiffs' counsel and the Receiver, within three business days after being served with a request, copies of all Documents pertaining to such account or Asset, including but not limited to originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs; provided that such institution or custodian may charge a reasonable fee; and

F. Cooperate with all reasonable requests of the Receiver relating to this Preliminary Injunction's implementation.

G. The accounts subject to this provision include: (a) all Assets of Defendants Litigation Law, LLC, The Resolution Law Group, P.C., or the Resolution Law Center, LLC deposited as of the time the TRO was entered, and (b) those Assets deposited after entry of the TRO that are derived from the actions alleged in Plaintiffs' Complaint. This Section does not prohibit transfers to the Receiver, as specifically required in Section XV (Delivery of Receivership Property), nor does it prohibit the Repatriation of Foreign Assets, as specifically required in Section X of this Preliminary Injunction.

14

H. Plaintiffs are granted leave, pursuant to Fed. R. Civ. P. 45, to subpoena Documents immediately from any financial or brokerage institution, business entity, electronic data host, or person served with a copy of this Preliminary Injunction that holds, controls, or maintains custody of any account, Document, or Asset of, on behalf of, in the name of, for the benefit of, subject to access or use by, or under the signatory power of Defendants Litigation Law, LLC, The Resolution Law Group, P.C., or the Resolution Law Center, LLC or other party subject to Section VII above, or has held, controlled, or maintained any such account, Document, or Asset at any time since January 1, 2011, and such financial or brokerage institution, business entity, electronic data host or person shall respond to such subpoena within three business days after service.

## IX. CONSUMER CREDIT REPORTS

It is further **ORDERED AND ADJUDGED** that pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), Plaintiffs and the Receiver may obtain credit reports concerning Defendants Litigation Law, LLC, The Resolution Law Group, P.C., and the Resolution Law Center, LLC, and that, upon written request, any credit reporting agency from which such reports are requested shall provide them to Plaintiffs.

## X. REPATRIATION OF FOREIGN ASSETS

It is further **ORDERED AND ADJUDGED** that, upon request, Defendants Litigation Law, LLC, The Resolution Law Group, P.C., and the Resolution Law Center, LLC shall:

A. Provide Plaintiffs' counsel and the Receiver with a full accounting of all Assets, accounts, and Documents outside of the territory of the United States that are held (1) by Defendants Litigation Law, LLC, The Resolution Law Group, P.C., or the Resolution Law Center, LLC; (2) for their benefit; (3) in trust by or for them,

individually or jointly; or (4) under their direct or indirect control, individually or jointly;

B. Transfer to the territory of the United States all Assets, accounts, and Documents in foreign countries held (1) by Defendants Litigation Law, LLC, The Resolution Law Group, P.C., and the Resolution Law Center, LLC; (2) for their benefit; (3) in trust by or for them, individually or jointly; or (4) under their direct or indirect control, individually or jointly; and

C. Provide Plaintiffs access to all records of accounts or Assets of the Corporate Defendants and Individual Defendants held by financial institutions located outside the territorial United States by signing the Consent to Release of Financial Records attached to the TRO as Attachment C.

All repatriated Assets, accounts, and Documents are subject to Section VII of this Preliminary Injunction.

## XI. NONINTERFERENCE WITH REPATRIATION

It is further **ORDERED AND ADJUDGED** that Defendants Litigation Law, LLC, The Resolution Law Group, P.C., and the Resolution Law Center, LLC and their successors, assigns, officers, agents, servants, employees, independent contractors, and attorneys, and those persons in active concert or participation with any of them, who receive actual notice of the TRO or this Preliminary Injunction by personal service or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, are hereby enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign Assets, or in the hindrance of the repatriation required by the preceding Section X of this Preliminary Injunction, including, but not limited to:

A. Sending any statement, letter, fax, email or wire transmission, or telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all Assets have been fully repatriated pursuant to Section X of this Preliminary Injunction; or

B. Notifying any trustee, protector, or other agent of any foreign trust or other related entities of either the existence of this Preliminary Injunction, or of the fact that repatriation is required pursuant to a court order, until such time that all Assets have been fully repatriated pursuant to Section X of this Preliminary Injunction.

## XII. CONTINUED DUTIES AND AUTHORITIES OF RECEIVER

It is further **ORDERED AND ADJUDGED** that the Receiver Mark Bernet, Esq. is directed and authorized to continue accomplishing the following:

A. Assume full control of the Receivership Defendants by removing, as the Receiver deems necessary or advisable, any director, officer, independent contractor, employee, or agent of any of the Receivership Defendants including any named Defendant, from control of, management of, or participation in, the affairs of the Receivership Defendants.  This directive includes the removal of any non-lawyer who is controlling or operating one of the law firm Receivership Defendants;

B. Take exclusive custody, control, and possession of all Assets and Documents of, or in the possession, custody, or under the control of, the Receivership Defendants, wherever situated. The Receiver shall have full power to divert mail and to sue for, collect, receive, take into possession, hold, and manage all Assets and Documents of the Receivership Defendants and other persons whose interests are now held by or under

17

the direction, possession, custody, or control of the Receivership Defendants. The Receiver shall not, however, attempt to collect or receive any amount from a consumer if the Receiver believes the consumer was a victim of the unlawful conduct alleged in the complaint in this matter;

C. Take all steps necessary to secure the business premises of the Receivership Defendants. Such steps may include, but are not limited to, the following as the Receiver deems necessary or advisable:

- completing a written inventory of all Receivership Assets;

- obtaining pertinent information from all employees and other agents of the Receivership Defendants, including but not limited to, the name, home address, social security number, job description, method of compensation, and all accrued and unpaid commissions and compensation of each such employee or agent, and all computer hardware and software passwords;

- obtaining and providing to Plaintiffs all business records (including both Documents and Electronically Stored Information) of the Receivership Defendants from August 1, 2013 to date, and, to the extent that any records are removed from the premises, the Receiver shall require that Plaintiffs return those business records within forty-eight (48) hours of their removal;

- videotaping or photographing all portions of the location;

- securing the location by changing the locks and disconnecting any computer modems or other means of access to the computer or other records maintained at that location; and

- requiring all employees, independent contractors, and consultants of the Receivership Defendants to complete a questionnaire submitted by the Receiver;

D.  Conserve, hold, and manage all Receivership Assets, and perform all acts necessary or advisable to preserve the value of those Assets, in order to prevent any irreparable loss, damage, or injury to consumers or to creditors of the Receivership Defendants, including, but not limited to, obtaining an accounting of the Assets and preventing transfer, withdrawal, or misapplication of Assets;

E.  Liquidate any and all securities or commodities owned by or for the benefit of the Receivership Defendants as the Receiver deems to be advisable or necessary;

F.  Enter into contracts and purchase insurance as the Receiver deems to be advisable or necessary;

G.  Prevent the inequitable distribution of Assets and determine, adjust, and protect the interests of consumers and creditors who have transacted business with the Receivership Defendants;

H.  Manage and administer the business of the Receivership Defendants until further order of this Court by performing all incidental acts that the Receiver deems to be advisable or necessary, which includes retaining, hiring, or dismissing any employees, independent contractors, or agents (including the continued payroll for any retained employees);

I.  Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in

the performance of duties and responsibilities under the authority granted by the TRO or this Preliminary Injunction;

J.  Make payments and disbursements from the Receivership that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, the TRO or this Preliminary Injunction (including the continued payroll for any retained employees and any other necessary and reasonable operating expenses in the ordinary course of business). The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Receivership Defendants prior to the date of entry of the TRO, except payments that the Receiver deems necessary or advisable to secure assets of the Receivership Defendants, such as rental payments;

K.  Determine and implement measures to ensure that the Receivership Defendants comply with and prevent violations of the TRO or this Preliminary Injunction and all other applicable laws, including, but not limited to, revising sales materials and implementing monitoring procedures;

L.  Institute, compromise, adjust, appear in, intervene in, or become party to such actions or proceedings in state, federal, or foreign courts that the Receiver deems necessary and advisable to preserve or recover the Assets of the Receivership Defendants, or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under the TRO and this Preliminary Injunction;

M.  Defend, compromise, adjust, or otherwise dispose of any or all actions or proceedings instituted in the past or in the future against the Receiver in his or her role as Receiver, or against the Receivership Defendants, that the Receiver deems necessary and advisable to preserve the Assets of the Receivership Defendants or that the Receiver

deems necessary and advisable to carry out the Receiver's mandate under the TRO or this Preliminary Injunction;

N. Continue and conduct the business of the Receivership Defendants in such manner, to such extent, and for such duration as the Receiver may in good faith deem to be necessary or appropriate to operate the business profitably and lawfully, if at all; provided, however, that the continuation and conduct of the business shall be conditioned upon the Receiver's good faith determination that the businesses can be lawfully operated at a profit using the Assets of the Receivership;

O. Cease all telemarketing activities of the Receivership Defendants;

P. Take depositions and issue subpoenas to obtain Documents and records pertaining to the Receivership and compliance with the TRO and this Preliminary Injunction. Subpoenas may be served by agents or attorneys of the Receiver and by agents of any process server retained by the Receiver;

Q. Open one or more bank accounts as designated depositories for funds of the Receivership Defendants. The Receiver shall deposit all funds of the Receivership Defendants in such a designated account and shall make all payments and disbursements from such account(s);

R. Maintain accurate records of all receipts and expenditures that he makes as Receiver;

S. Cooperate with reasonable requests for information or assistance from any state or federal law enforcement agency;

T. Maintain the chain of custody of all of Defendants' records in their possession; and

U. Notify all courts in which Receivership Defendants have mass-joinder or related litigation pending, that this case is pending, and request temporary stays of those cases or any other necessary relief to preserve the rights of consumers.

## XIII. CONTINUED ACCESS TO BUSINESS PREMISES AND RECORDS

It is further **ORDERED AND ADJUDGED** that Plaintiffs, the Receiver, and their respective representatives, agents, contractors, or assistants, are permitted immediate access to Defendants Litigation Law, LLC, The Resolution Law Group, P.C., and the Resolution Law Center, LLC's business premises; and that Defendants Litigation Law, LLC, The Resolution Law Group, P.C., and the Resolution Law Center, LLC and their successors, assigns, officers, directors, agents, servants, employees, attorneys, and all other persons directly or indirectly, in whole or in part, under their control, and all other persons in active concert or participation with them, who receive actual notice of the TRO or this Preliminary Injunction by personal service, facsimile, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other entity, shall:

A. Allow Plaintiffs and the Receiver, and their respective representatives, agents, attorneys, investigators, paralegals, contractors, or assistants, including, but not limited to, federal, state, and local law enforcement officers, including the United States Marshals Service, the Hillsborough County Sheriff's Office, the Sheriff or deputy of any county, and the Police Department or police officer of any community, immediate access to:

- all of Defendants Litigation Law, LLC, The Resolution Law Group, P.C., and the Resolution Law Center, LLC's business premises, including but not limited to:

- o 4100 W. Kennedy Boulevard, Suite 300, Tampa, Florida ;

- o any storage facilities; and

- o such other business locations that are wholly or partially owned, rented, leased, or under the temporary or permanent control of Defendants Litigation Law, LLC, The Resolution Law Group, P.C., or the Resolution Law Center, LLC;

- any other premises where Defendants Litigation Law, LLC, The Resolution Law Group, P.C., or the Resolution Law Center, LLC conduct business, sales operations, or customer service operations;

- any premises where Documents related to the Defendants Litigation Law, LLC, The Resolution Law Group, P.C., or the Resolution Law Center, LLC's businesses are stored or maintained, including but not limited to a storage unit;

- any premises where Assets belonging to Defendants Litigation Law, LLC, The Resolution Law Group, P.C., or the Resolution Law Center, LLC are stored or maintained; and

- any Documents located at any of the locations described in this Section;

B.  Immediately identify to Plaintiffs' counsel and the Receiver:

- all of Defendants Litigation Law, LLC, The Resolution Law Group, P.C., or the Resolution Law Center, LLC's business premises and storage facilities;

- any premises where Defendants Litigation Law, LLC, The Resolution Law Group, P.C., or the Resolution Law Center, LLC conducts business, sales operations, or customer service operations;

- any premises where Documents related to the business, sales operations, or customer service operations of Defendants Litigation Law, LLC, The Resolution Law Group, P.C., or the Resolution Law Center, LLC are hosted, stored, or otherwise maintained, including but not limited to the name and location of any Electronic Data Hosts; and

- any premises where Assets belonging to Defendants Litigation Law, LLC, The Resolution Law Group, P.C., or the Resolution Law Center, LLC are stored or maintained; and

C. Provide Plaintiffs and the Receiver, and their respective representatives, agents, attorneys, investigators, paralegals, contractors, or assistants with any necessary means of access to, copying of, and forensic imaging of Documents and Electronically Stored Information from October 1, 2011 to present, including, without limitation, identifying the locations of Receivership Defendants' business premises, keys and combinations to business premises locks, passwords to devices that hold Electronically Stored Information, computer access codes of all computers used to conduct Receivership Defendants' business, access to (including but not limited to execution of any Documents necessary for access to and forensic imaging of) any data stored, hosted or otherwise maintained by an electronic data host, and storage area access information;

It is further **ORDERED AND ADJUDGED** that:

A. The Receiver shall immediately allow Plaintiffs and their representatives, agents, contractors, or assistants into the premises and facilities described in this Section to inspect, inventory, image, and copy Documents and Electronically Stored Information relevant to any matter contained in this Preliminary Injunction, wherever they may be

24

situated. Any Documents or Electronically Stored Information that are removed from the premises and facilities by Plaintiffs shall be returned to the premises by Plaintiffs within forty-eight (48) hours of the removal. The Receiver may exclude Defendants Litigation Law, LLC, The Resolution Law Group, P.C., and the Resolution Law Center, LLC and their agents and employees from the business premises and facilities during the immediate access. No one shall interfere with Plaintiffs' or the Receiver's inspection of the Defendants Litigation Law, LLC, The Resolution Law Group, P.C., or the Resolution Law Center, LLC's premises or documents.

B. The Receiver and Plaintiffs shall have the right to remove any Documents, including any devices containing Electronically Stored Information related to Defendants Litigation Law, LLC, The Resolution Law Group, P.C., or the Resolution Law Center, LLC 's business practices from the premises in order that they may be inspected, inventoried, and copied. The materials so removed shall be returned within forty-eight (48) hours of completing said inventory and copying. If any property, records, Documents, or computer files relating to the Receivership Defendants' finances or business practices are located in the residence of any Defendant or are otherwise in the custody or control of any Defendant, then such Defendant shall produce them to the Receiver within twenty-four (24) hours of service of this Preliminary Injunction. In order to prevent the destruction of computer data, upon service of this Preliminary Injunction upon Defendants, any such computers may be powered down (turned off) in the normal course for the operating systems used on such computers and shall not be powered up or used again until produced for copying and inspection, along with any codes needed for access. Plaintiffs' and the Receiver's representatives may also

photograph and videotape the inside and outside of all premises to which they are permitted access by this Preliminary Injunction, and all Documents and other items found on such premises;

C. Plaintiffs' access to Documents pursuant to this Preliminary Injunction shall not provide grounds for any Defendant to object to any subsequent request for Documents served by Plaintiffs; and

D. The Receiver shall allow the Defendants and their representatives reasonable access to the premises of the Receivership Defendants. The purpose of this access shall be to inspect, inventory, and copy any and all Documents and other property owned by or in the possession of the Receivership Defendants, provided that those Documents and property are not removed from the premises. The Receiver shall have the discretion to determine the time, manner, and reasonable conditions of such access.

E. Upon request, Defendants Litigation Law, LLC, The Resolution Law Group, P.C., and the Resolution Law Center, LLC and their officers and employees, agents, and bookkeepers shall also immediately provide usernames and passwords to all computers that store information concerning Defendants' business operations;

F. Upon request, Defendants Litigation Law, LLC, The Resolution Law Group, P.C., and the Resolution Law Center, LLC and their officers and employees shall surrender Blackberry, iPhone, Android, or other mobile access devices that contain information concerning Defendants' business operations to the Receiver or Plaintiffs' representatives. These devices must be returned to Defendants Litigation Law, LLC, The Resolution Law Group, P.C., and the Resolution Law Center, LLC and their employees within forty-eight (48) hours of their surrender.

26

## XIV. CONTINUED COOPERATION WITH RECEIVER

It is further **ORDERED AND ADJUDGED** that:

A.  Defendants Litigation Law, LLC, The Resolution Law Group, P.C., and the Resolution Law Center, LLC, and their successors, assigns, officers, agents, directors, servants, employees, salespersons, independent contractors, attorneys, and corporations, and all other persons or entities in active concert or participation with them, who receive actual notice of this Preliminary Injunction by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, shall fully cooperate with and assist the Receiver. Defendants Litigation Law, LLC, The Resolution Law Group, P.C., and the Resolution Law Center, LLC's cooperation and assistance shall include, but not be limited to:

- Providing any information to the Receiver that the Receiver deems necessary to exercising the authority and discharging the responsibilities of the Receiver under this Preliminary Injunction, including but not limited to allowing the Receiver to inspect Documents and Assets and to partition office space;

- Providing any username or password and executing any documents required to access any computer or electronic files in any medium, including but not limited to Electronically Stored Information stored, hosted, or otherwise maintained by an electronic data host; and

- Advising all persons who owe money to the Receivership Defendants that all debts should be paid directly to the Receiver; and

B.  Defendants Litigation Law, LLC, The Resolution Law Group, P.C., and the Resolution Law Center, LLC and their successors, assigns, officers, directors, agents, servants,

27

employees, attorneys, and all other persons or entities directly or indirectly, in whole or in part, under their control, and all other persons in active concert or participation with them, who receive actual notice of this Preliminary Injunction by personal service or otherwise, shall not interfere in any manner, directly or indirectly with the custody possession, management, or control by the Receiver of Assets and Documents, and are hereby enjoined from directly or indirectly:

- Transacting any of the business of the Receivership Defendants;

- Destroying, secreting, erasing, mutilating, defacing, concealing, altering, transferring or otherwise disposing of, in any manner, directly or indirectly, any Documents or equipment of the Receivership Defendants, including but not limited to contracts, agreements, consumer files, consumer addresses and telephone numbers, correspondence, advertisements, brochures, sales material, sales presentations, Documents evidencing or referring to Defendants' services, training materials, scripts, data, computer tapes, disks, or other computerized records, books, written or printed records, handwritten notes, telephone logs, "verification" or "compliance" tapes or other audio or video tape recordings, receipt books, invoices, postal receipts, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, copies of federal, state or local business or personal income or property tax returns, photographs, mobile devices, electronic storage media, accessories, and any other Documents, records or equipment of any kind that relate to the business practices or business or personal finances of the Receivership Defendants or

any other entity directly or indirectly under the control of the Receivership Defendants;

- Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any Assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Defendants, or the Receiver;

- Excusing debts owed to the Receivership Defendants;

- Failing to notify the Receiver of any Asset, including accounts, of a Receivership Defendant held in any name other than the name of the Receivership Defendant, or by any person or entity other than the Receivership Defendant, or failing to provide any assistance or information requested by the Receiver in connection with obtaining possession, custody, or control of such Assets;

- Failing to create and maintain books, records, and accounts which, in reasonable detail, accurately, fairly, and completely reflect the incomes, assets, disbursements, transactions and use of monies by the Defendants or any other entity directly or indirectly under the control of the Defendants;

- Doing any act or refraining from any act whatsoever to interfere with the Receiver's taking custody, control, possession, or managing of the Assets or Documents subject to this Receivership; or to harass or to interfere with the Receiver in any way; or to interfere in any manner with the exclusive jurisdiction of this Court over the Assets or Documents of the Receivership Defendants; or to refuse to cooperate with the Receiver or the Receiver's duly

authorized agents in the exercise of their duties or authority under any order of this Court; and

- Filing, or causing to be filed, any petition on behalf of the Receivership Defendants for relief under the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, without prior permission from this Court.

## XV. DELIVERY OF RECEIVERSHIP PROPERTY

It is further **ORDERED AND ADJUDGED** that Defendants Litigation Law, LLC, The Resolution Law Group, P.C., and the Resolution Law Center, LLC and any other person or entity, including but not limited to financial institutions and electronic data hosts, shall transfer or deliver access to possession, custody, and control of the following to the Receiver:

A.  All Assets of the Receivership Defendants;

B.  All Documents of the Receivership Defendants, including but not limited to books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, records of ACH transactions, and check registers), client or customer lists, title documents and other papers;

C.  All Assets belonging to members of the public now held by the Receivership Defendants;

D.  All keys, computer and other passwords, user names, entry codes, combinations to locks required to open or gain or secure access to any Assets or Documents of the Receivership Defendants, wherever located, including, but not limited to, access to their business premises, means of communication, accounts, computer systems, or other property; and

E. Information identifying the accounts, employees, properties, or other assets or obligations of the Receivership Defendants.

In the event any person or entity fails to deliver or transfer immediately any asset or otherwise fails to comply with any provision of this Section, the Receiver may file *ex parte* with the court an Affidavit of Non-Compliance regarding the failure. Upon filing of the affidavit, the Court may authorize, without additional process or demand, Writs of Possession or Sequestration or other equitable writs requested by the Receiver. The writs shall authorize and direct the United States Marshal, any Deputy United States Marshal, the Hillsborough County Sheriff's Office, or any sheriff or deputy sheriff of any county to seize the Asset, Document, or other thing and to deliver it to the Receiver.

## XVI. CONTINUED PROHIBITION ON RELEASE OF CONSUMER INFORMATION

It is further **ORDERED AND ADJUDGED** that, except as required by a law enforcement agency, law, regulation, or court order, Defendants Litigation Law, LLC, The Resolution Law Group, P.C., and the Resolution Law Center, LLC, and their successors, assigns, officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Preliminary Injunction by personal service or otherwise, are enjoined from disclosing, using, or benefitting from consumer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a consumer's account (including a credit card, bank account, or other financial account), of any person, which any Defendant obtained prior to entry of the TRO in connection with any mortgage assistance relief product.

## XVII. STAY OF ACTIONS

It is further **ORDERED AND ADJUDGED** that:

A. Except by leave of this Court, during pendency of the Receivership ordered herein, Defendants Litigation Law, LLC, The Resolution Law Group, P.C., and the Resolution Law Center, LLC are hereby stayed from taking any action for, against, on behalf of, or in the name of any of the following: the Receivership Defendants, any of their subsidiaries, affiliates, partnerships, Assets, Documents or the Receiver or the Receiver's duly authorized agents acting in their capacities as such. Such hereby-stayed actions include, but are not limited to, the following:

- Commencing, prosecuting, continuing, entering, or enforcing any mass-joinder or related suit or proceeding, except that such actions may be filed to toll any applicable statute of limitations;

- Accelerating the due date of any obligation or claimed obligation; filing or enforcing any lien; taking or attempting to take possession, custody, or control of any asset; attempting to foreclose, forfeit, alter, or terminate any interest in any asset, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise; or

- Executing, issuing, serving, or causing the execution, issuance, or service of, any legal process, including, but not limited to, attachments, garnishments, subpoenas, writs of replevin, writs of execution, or any other form of process whether specified in this Preliminary Injunction or not.

B. This Section does not stay:

- The commencement or continuation of a criminal action or proceeding;

- The commencement or continuation of any civil non-mass-joinder or related suit or proceeding;

- The commencement or continuation of an action or proceeding by a state bar association to enforce its police or regulatory power;

- The commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

- The enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; or

- The issuance to a Receivership Defendant of a notice of tax deficiency; and

C. Except as otherwise provided in this Preliminary Injunction, all persons and entities in need of documentation from the Receiver shall in all instances first attempt to secure such information by submitting a formal written request to the Receiver, and, if such request has not been responded to within thirty days of receipt by the Receiver, any such person or entity may thereafter seek an order of this Court with regard to the relief requested.

## XVIII. LIMITED EXPEDITED DISCOVERY

It is further **ORDERED AND ADJUDGED** that Plaintiffs and the Receiver are granted leave to conduct certain expedited discovery, and that, commencing with the time and date of the TRO, in lieu of the time periods, notice provisions, and other requirements of Rules 19, 26, 30, 34, and 45 of the Federal Rules of Civil Procedure, and applicable Local Rules, Plaintiffs and the Receiver are granted leave to:

A. Take the deposition, on three days' notice, of any person or entity, whether or not a party, for the purpose of: (1) discovering the nature, location, status, and extent of

Assets of Defendants or their affiliates or subsidiaries; (2) discovering the nature and location of Documents and business records of Defendants or their affiliates or subsidiaries; and (3) enforcing compliance with the TRO or this Preliminary Injunction. The limitations and conditions set forth in Fed. R. Civ. P. 30(a)(2) and 31(a)(2) regarding subsequent depositions shall not apply to depositions taken pursuant to this Section. In addition, any such depositions taken pursuant to this Section shall not be counted toward the ten deposition limit set forth in Fed. R. Civ. P. 30(a)(2)(A)(i) and 31(a)(2)(A)(i) and shall not preclude Plaintiffs from subsequently deposing the same person or entity in accordance with the Federal Rules of Civil Procedure. Service of discovery upon a party, taken pursuant to this Section, shall be sufficient if made by facsimile, email or by overnight delivery. Any deposition taken pursuant to this subsection that has not been reviewed and signed by the deponent may be used by any party for purposes of the preliminary injunction hearing;

B. Serve upon parties requests for production of documents or inspection that require production or inspection within three calendar days of service, and may serve subpoenas upon non-parties that direct production or inspection within five calendar days of service, for the purpose of discovering: (1) the nature, location, status, and extent of assets of Defendants or their affiliates or subsidiaries; (2) the nature and location of Documents and business records of Defendants or their affiliates or subsidiaries; and (3) compliance with this Preliminary Injunction, *provided that* twenty-four hours' notice shall be deemed sufficient for the production of any such Documents that are maintained or stored only as electronic data;

C. Serve deposition notices and other discovery requests upon the parties to this action by facsimile or overnight courier, and take depositions by telephone or other remote electronic means; and

D. If a Defendant fails to appear for a properly noticed deposition or fails to comply with a request for production or inspection, seek to prohibit that Defendant from introducing evidence at any subsequent hearing.

## XIX. MONITORING

It is further **ORDERED AND ADJUDGED** that the Receiver or Plaintiffs' agents or representatives may contact Defendants Litigation Law, LLC, The Resolution Law Group, P.C., and the Resolution Law Center, LLC directly or anonymously for the purpose of monitoring compliance with this Preliminary Injunction, and may tape record any oral communications that occur in the course of such contacts.

## XX. DEFENDANTS LITIGATION LAW, LLC, THE RESOLUTION LAW GROUP, P.C., AND THE RESOLUTION LAW CENTER, LLC'S DUTY TO DISTRIBUTE PRELIMINARY INJUNCTION

It is further **ORDERED AND ADJUDGED** that Defendants Litigation Law, LLC, The Resolution Law Group, P.C., and the Resolution Law Center, LLC shall immediately provide a copy of this Preliminary Injunction to each affiliate, subsidiary, division, sales entity, successor, assign, officer, director, employee, independent contractor, client company, electronic data host, agent, authorized signatory to bank accounts, attorney, spouse, and representative of Defendants Litigation Law, LLC, The Resolution Law Group, P.C., and the Resolution Law Center, LLC and shall, upon request, provide Plaintiffs' counsel with a sworn statement that: (a) confirms Defendants Litigation Law, LLC, The Resolution Law Group, P.C., and the Resolution Law Center, LLC have provided copies of the Stipulated Preliminary Injunction as required by this

Section and (b) lists the names and addresses of each entity or person to whom Defendants Litigation Law, LLC, The Resolution Law Group, P.C., and the Resolution Law Center, LLC provided a copy of the Preliminary Injunction. Furthermore, Defendants Litigation Law, LLC, The Resolution Law Group, P.C., and the Resolution Law Center, LLC shall not take any action that would encourage officers, agents, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliates, successors, assigns, or other persons or entities in active concert or participation with Defendants Litigation Law, LLC, The Resolution Law Group, P.C., or the Resolution Law Center, LLC to disregard this  Preliminary Injunction or believe that they are not bound by its provisions.

## XXI.   DURATION OF PRELIMINARY INJUNCTION

It is further **ORDERED AND ADJUDGED** that this Preliminary Injunction shall expire upon final disposition of all Plaintiffs' claims against Defendants Litigation Law, LLC. The Resolution Law Group, P.C., and the Resolution Law Center, LLC in this case.

## XXII. CORRESPONDENCE WITH PLAINTIFF

It is further **ORDERED AND ADJUDGED** that, for the purposes of this Preliminary Injunction, all correspondence and service of pleadings on Plaintiffs shall be sent via electronic submission to:

Amanda Arnold Sansone, Esq.
(Amanda.Sansone@myfloridalegal.com)
Richard Schiffer, Esq.
(Richard.Schiffer@myfloridalegal.com)
Office of the Florida Attorney General, Pam Bondi
3507 East Frontage Road, Suite 325
Tampa, Florida 33607
(813) 287-7950 (telephone)
(813) 281-5515 (facsimile)

and

Joseph J. Chambers, Esq.
Joseph.Chambers@ct.gov
Office of the Connecticut Attorney General, George Jepsen
PO Box 120
55 Elm Street
Hartford, Connecticut 06141-0120
(860) 808-5270 (telephone)
(860) 808-5385 (facsimile)

and

Nicole Ayala, Esq.
nicole.ayala@ct.gov
Connecticut Department of Consumer Protection
165 Capitol Avenue
Hartford, CT 06106
(860) 713-6096 (telephone)
(860) 706-1228 (facsimile)

## XXIII. SERVICE OF THIS PRELIMINARY INJUNCTION

It is further **ORDERED AND ADJUDGED** that copies of this Preliminary Injunction may be served by facsimile transmission, email, personal or overnight delivery, or US Mail, by the Receiver or Plaintiffs or their agents and employees or any local, state, or federal law enforcement agency or by private process server, upon any financial institution or other entity or person that may have possession, custody, or control of any Documents or Assets of any Defendant, or that may otherwise be subject to any provision of this Preliminary Injunction. Service upon any branch or office of any financial institution shall effect service upon the entire financial institution.

**DONE AND ORDERED**, this 24th day of September, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2014\14-cv-1825 preliminary injunction as to litigation law resolution law.docx