**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

OFFICE OF THE ATTORNEY
GENERAL and STATE OF
CONNECTICUT,

    Plaintiffs,

v.                                                                        Case No: 8:14-cv-1825-T-30MAP

LITIGATION LAW, LLC, *et al.*

    Defendants.

_____

## **ORDER**

THIS CAUSE comes before the Court upon the Non-Party Vincent Jankoski's Motion to Vacate this Court's Show Cause Order (Dkt. #100) and the Receiver's Response in Opposition to the Motion (Dkt. #102). Upon review and consideration, the Court concludes that the Motion should be denied.

Mr. Jankoski seeks to vacate the Court's Order directing him to appear and show cause why he should not be held in contempt of court for violating the Court's Temporary Restraining Order and Preliminary Injunction ("TRO"). *See* Dkt. #93. The Receiver's motion requesting the entry of a show cause order provides significant detail regarding Mr. Jankoski's refusal to acknowledge this Court's authority to appoint and empower the Receiver to take control of the Resolution Law Group ("RLG") for the purpose of shutting it down and protecting its assets. The Court gave the Receiver full authority to accomplish these objectives, and that authority includes making decisions concerning lawsuits pending

against RLG, including the following lawsuit: *First Mariner Bank v. Broderick, et al.*, United States District Court for the District of Maryland Case No.:1:12-cv-1133 (the "First Mariner Lawsuit").

Mr. Jankoski argues that the Court erred because the Receiver failed to disclose an alleged conflict of interest that Mr. Jankoski believes should have precluded the Receiver from his appointment. However, Mr. Jankoski previously raised that issue with this Court, and this Court rejected it in its November 3, 2014 order. *See* Dkt, #76.  Mr. Jankoski also argues that the Receiver's directives do not constitute a clear and unambiguous order of the Court; he is unable to comply with the Receiver's instructions because it would violate the attorney-client privilege; the Receiver's Motion contained a false certificate of service; the Receiver did not substitute himself as a party in the First Mariner Lawsuit; the Receiver did not comply with Local Rule 3.01(g); and the recent ruling by the judge permitting his withdrawal in the First Mariner Lawsuit moots the show cause order.

The Court denies the Motion without prejudice to Mr. Jankoski to raise the arguments relating to the contempt allegations at the show cause hearing.

It is therefore **ORDERED AND ADJUDGED** that Non-Party Vincent Jankowski's Motion to Vacate This Court's Show Cause Order (Dkt. #100) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 7th day of January, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record