IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OFFICE OF THE ATTORNEY GENERAL,
THE STATE OF FLORIDA,
Department of Legal Affairs; and
THE STATE OF CONNECTICUT,
Office of the Attorney General,

    Plaintiffs,

v.   CASE No. 8:14-cv-1825-T-30MAP

BERGER LAW GROUP, P.A., a Florida
professional association; IAN BERGER, an individual;
LITIGATION LAW, LLC, a Florida limited liability
company; GARY DIGIROLAMO, an individual;
THE RESOLUTION LAW GROUP, P.C.,
a Connecticut professional corporation;
R. GEOFFREY BRODERICK, an individual;
THE RESOLUTION LAW CENTER, LLC,
a Florida limited liability company; DAVID
FRIEDMAN, an individual; STEPHEN R.
KOPOLOW, P.C., a Nevada professional corporation;
STEPHEN KOPOLOW, an individual; ONISAK, LLC,
a Nevada limited liability company; REMARQUE
HOLDINGS, LLC, a Nevada limited liability company;
PHILIP KRAMER a/k/a "BILL GOODMAN,"
an individual; and CHRISTOPHER WRIGHT FOX
a/k/a "KIT WRIGHT," an individual,

    Defendants.
_____/

**STIPULATED FINAL JUDGMENT AND ORDER FOR PERMANENT INJUNCTION
AND SETTLEMENT OF CLAIMS AS TO DEFENDANT GARY DIGIROLAMO ONLY**

The State of Florida and the State of Connecticut, commenced this action on July 29,

2014 by filing a complaint (Doc. No. 1) pursuant to (1) Section 1055 of the Consumer Financial

1

Protection Act of 2010 ("CFPA"), 12 U.S.C. § 5565; (2) Section 626 of the Omnibus Appropriations Act of 2009, as amended by Section 1097 of the CFPA, 12 U.S.C. § 5538, and the Mortgage Assistance Relief Services Rule, 12 C.F.R. Part 1015 ("Regulation O"); (3) the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Chapter 501, Part II, Florida Statutes; (4) Florida's Civil Theft law, Sections 812.035(5), 812.041, Florida Statutes; and (5) the Connecticut Unfair Trade Practices Act ("CUTPA"), Chapter 735a of the Connecticut General Statutes.

On August 1, 2014, the Court entered an *Ex Parte* Temporary Restraining Order with Asset Transfer Restrictions And Partial Asset Freeze, Appointment of Temporary Receiver, and Other Equitable Relief and Order to Show Cause Why a Preliminary Injunction Should Not Issue (Doc. No. 10) ("TRO"). On August 22, 2014, the Plaintiffs filed an Amended Complaint to add three additional individual defendants and three additional corporate defendants (Doc. No. 41). Also on August 22, 2014, the Court entered a stipulated Preliminary Injunction As To Defendants Berger Law Group, P.A., Ian Berger, Gary DiGirolamo, R. Geoffrey Broderick and David Friedman Only (Doc. No. 42).

Plaintiffs and Defendant Gary DiGirolamo (the "Settling Defendant") hereby stipulate to this Final Judgment and Order for Permanent Injunction and Settlement of Claims (the "Final Order and Permanent Injunction").

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** as follows:

### FACTUAL AND LEGAL FINDINGS

By stipulation of Plaintiffs and the Settling Defendant and being advised of the premises, the Court finds:

1.  This is an action instituted under (1) Section 1055 of the Consumer Financial Protection Act of 2010 ("CFPA"), 12 U.S.C. § 5565; (2) Section 626 of the Omnibus

Appropriations Act of 2009, as amended by Section 1097 of the CFPA, 12 U.S.C. § 5538, and the Mortgage Assistance Relief Services Rule, 12 C.F.R. Part 1015 ("Regulation O"); (3) the Florida Deceptive and Unfair Trade Practices Act ("FDUPTA"), Chapter 501, Part II, Florida Statutes; (4) Florida's Civil Theft law, Sections 812.035(5), 812.041, Florida Statutes; and (5) the Connecticut Unfair Trade Practices Act ("CUTPA"), Chapter 735a of the Connecticut General Statutes. Pursuant to these statutes, Plaintiffs have the authority to seek the relief they have requested and their Amended Complaint states a claim upon which relief may be granted against the Settling Defendant.

2. This Court has jurisdiction over the subject matter of this action because it is "brought under Federal consumer financial law," 12 U.S.C. § 5565(a), presents a federal question, 28 U.S.C. § 1331, and is brought by Plaintiffs State Attorneys General pursuant to their authority under 12 U.S.C. §§ 5538(b)(1) & 5552, and 12 C.F.R. § 1015.10 (2012).

3. In addition, pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the subject matter of the state law claims asserted by Plaintiffs because those claims are so related to the claims brought under federal consumer financial law that they form part of the same case or controversy, and because those claims arise out of the same transactions or occurrences as the claims brought by Plaintiffs pursuant to 12 U.S.C. §§ 5538(b)(1) & 5552.

4. This Court has personal jurisdiction over the Settling Defendant.

5. Venue is proper in this district under 28 U.S.C. § 1391(b) and 12 U.S.C. § 5538(b)(5)(A) because a substantial part of the events or omissions and course of conduct giving rise to the claims set forth in the Amended Complaint occurred in this district.

6. Plaintiffs and the Settling Defendant stipulate and agree to the entry of this Final Order and Permanent Injunction, without trial or final adjudication of any issue of fact or law, to

settle and resolve all matters in dispute arising from the conduct of the Settling Defendant alleged in the Amended Complaint. The Settling Defendant has consented to entry of this Final Order and Permanent Injunction without admitting or denying any of the allegations set forth in the Amended Complaint, other than admitting the jurisdictional facts.

7. The Settling Defendant waives all rights to seek judicial review or otherwise challenge or contest the validity of this Final Order and Permanent Injunction.

8. Entry of this Final Order and Permanent Injunction is in the public interest.

## DEFINITIONS

For the purposes of this Final Order and Permanent Injunction, the following definitions shall apply:

a. "Asset" means any legal or equitable interest in, right to, or claim to any real, personal, or intellectual property owned or controlled by, or held, in whole or in part for the benefit of, or subject to access by Settling Defendant, wherever located, whether in the United States or abroad. This includes, but is not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, contracts, mail or other deliveries, shares of stock, commodities, futures, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), funds, cash, and trusts, including, but not limited to any trust held for the benefit of Settling Defendant, any of Settling Defendant's minor children, or Settling Defendant's spouse;

b. "Assisting others" includes, but is not limited to:
- consulting in any form whatsoever;
- performing customer service functions including, but not limited to, receiving

or responding to consumer complaints;

- formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including, but not limited to, any telephone sales script, direct mail solicitation, or the text of any Internet website, email, or other electronic communication;

- formulating or providing, or arranging for the formulation or provision of, any marketing support material or service, including but not limited to, web or Internet Protocol addresses or domain name registration for any Internet websites, affiliate marketing services, or media placement services;

- providing names of, or assisting the generation of, potential customers; or

- performing marketing, billing or payment services of any kind; and acting or serving as an employee, independent contractor, owner, officer, director, manager, or principal;

c. "Commercial Telephone Solicitation" means: an unsolicited telephone call to a person for the purpose of inducing the person to purchase or invest in consumer goods or services; communication with a person or business where (1) a gift, award, or prize is offered or (2) a telephone call response is invited, and (3) the salesperson intends to complete a sale or enter into an agreement to purchase during the course of the telephone call; or any other communication with a person or business that represents a price, quality, or availability of consumer goods or services and invites a response by telephone or which is followed by a call to the person or business by a salesperson;

d. "Consumer Financial Product or Service" is synonymous in meaning and equal in

5

scope to the definitions of the term in Section 1002(5) and (15) of the CFPA, and, subject to applicable restrictions contained in the CFPA, includes but is not limited to:

- extending credit and servicing loans, including acquiring, purchasing, selling, brokering, or other extensions of credit (other than solely extending commercial credit to a person who originates consumer credit transactions);

- providing real estate settlement services or performing appraisals or real estate or personal property;

- collecting, analyzing, maintaining, or providing consumer report information or other account information, including information relating to the credit history of consumers, used or expected to be used in connection with any decision regarding the offering or provision of a Consumer Financial Product or Service; or

- collecting debt related to any Consumer Financial Product or Service;

e. "Debt Relief Product or Service" means any product, service, plan or program represented, expressly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt or obligation, including but not limited to a tax debt or obligation, between a person and one or more creditors or debt collectors, including but not limited to, a reduction in the balance, interest rate, or fees owed by a person to a creditor or debt collector;

f. "Mortgage Assistance Relief Product or Service" means any product, service, plan, or program, offered or provided to the consumer in exchange for consideration, that is represented, expressly or by implication, to assist or attempt to assist the consumer with any of the following:

- stopping, preventing, or postponing any mortgage or deed of trust foreclosure sale for the consumer's dwelling, any repossession of the consumer's dwelling, or otherwise saving the consumer's dwelling from foreclosure or repossession;

- negotiating, obtaining, or arranging a modification of any term of a dwelling loan, including a reduction in the amount of interest, principal balance, monthly payments, or fees;

- obtaining any forbearance or modification in the timing of payments from any dwelling loan holder or servicer on any dwelling loan;

- negotiating, obtaining, or arranging any extension of the period of time within which the consumer may (i) cure his or her default on a dwelling loan, (ii) reinstate his or her dwelling loan, (iii) redeem a dwelling, or (iv) exercise any right to reinstate a dwelling loan or redeem a dwelling;

- obtaining any waiver of an acceleration clause or balloon payment combined in any promissory note or contract secured by any dwelling; or

- negotiating, obtaining, or arranging (i) a short sale of a dwelling, (ii) a deed in lieu of foreclosure, (iii) or any other disposition of a dwelling loan other than a sale to a third party that is not the dwelling loan holder.

The foregoing shall include any manner of claimed assistance, including, but not limited to, auditing or examining a consumer's mortgage or home loan application;

g. "Person" means an individual, partnership, company, corporation, association (incorporated or unincorporated), trust, estate, cooperative organization, or other entity;

    h. "Receiver" means Mark Bernet, Esq.;

    i. "Telemarketing" means any plan, program, or campaign that is conducted to induce the purchase of goods or services or a charitable contribution by use of one or more telephones, whether or not covered by the Telemarketing Sales Rule; and

    j. The words "and" and "or" shall be understood to have both conjunctive and disjunctive meanings as necessary to make the applicable phrase or sentence inclusive rather than exclusive.

## FINAL ORDER AND PERMANENT INJUNCTION

**I. Permanent Ban on Consumer Financial Products or Services**

IT IS THEREFORE ORDERED that the Settling Defendant, whether acting directly or through any other Person, is hereby PERMANENTLY ENJOINED from:

    A. Advertising, marketing, promoting, offering for sale, or selling any Consumer Financial Product or Service; and

    B. Assisting others engaged in advertising, marketing, promoting, offering for sale, or selling any Consumer Financial Product or Service.

*Provided*, that Sections I.A. and I.B. shall not prohibit Settling Defendant from engaging in such actions if related to the ownership of, or employment by, an Auto Dealership in California, as long as he is licensed and registered in accordance with applicable California law, if necessary.

**II. Permanent Ban on Mortgage Assistance Relief Products or Services**

IT IS FURTHER ORDERED that the Settling Defendant, whether acting directly or through any other Person, is hereby PERMANENTLY ENJOINED from:

  A. Advertising, marketing, promoting, offering for sale, or selling any Mortgage Assistance Relief Product or Service; and

  B. Assisting others engaged in advertising, marketing, promoting, offering for sale, or selling any Mortgage Assistance Relief Product or Service.

*Provided*, that Sections II.A. and II.B. shall not prohibit the actions of Settling Defendant if he is licensed or registered as a real estate broker or real estate agent, in accordance with State law, to the extent that Settling Defendant: (1) acts as a real estate agent or broker for a buyer, seller, lessor, or lessee of real property; (2) brings together parties interested in the sale, purchase, lease, rental, or exchange of real property; (3) negotiates, on behalf of any party, any portion of a contract relating to the sale, purchase, lease, rental, or exchange of real property (other than in connection with the provision of financing with respect to any such transaction); or (4) offers to engage in any activity, or act in any capacity, described in subparagraphs (1), (2), or (3) above.

### III. **Permanent Ban on Debt Relief Products or Services**

IT IS FURTHER ORDERED that the Settling Defendant, whether acting directly or through any other Person, is hereby PERMANENTLY ENJOINED from:

  A. Advertising, marketing, promoting, offering for sale, or selling any Debt Relief Product or Service; and

  B. Assisting others engaged in advertising marketing, promoting, offering for sale, or selling any Debt Relief Product or Service.

### IV. **Prohibited Practices Relating to Any Goods or Services**

IT IS FURTHER ORDERED that the Settling Defendant, whether acting directly or through any other Person, is hereby PERMANENTLY ENJOINED from:

A. Misrepresenting or assisting others in misrepresenting, directly or indirectly, expressly or by implication, any material fact including, but not limited to:

1. the total costs to purchase, receive or use the good or service;

2. any material restriction, limitation, or condition to purchase, receive or use the good or service;

3. any material aspect of the nature or terms of a refund, cancellation, exchange or repurchase policy for the good or service;

4. the income, profits or sales likely to be achieved from the good or service; and

5. any material aspect of the performance, efficacy, nature or central characteristic of the good or service.

B. Assisting others to make any material misrepresentation in connection with the advertising marketing, promotion, offering for sale, or sale of any good or service including, but not limited to, the misrepresentation listed in Paragraph immediately above.

C. Violating, or assisting others in violating, any federal or state consumer protection laws, including, but not limited to, any provision of the FDUTPA, CUTPA, and Regulation O.

V. **Permanent Ban on Telemarketing**

IT IS FURTHER ORDERED that Settling Defendant, whether acting directly or through any Person, business entity, trust, corporation, partnership, limited liability company, subsidiary, division, or other device, or any of them, is hereby PERMANENTLY ENJOINED from

engaging in, participating in, or assisting others in Telemarketing or in any other Commercial Telephone Solicitation.

### VI. Prohibition on Collecting on Accounts

IT IS FURTHER ORDERED that Settling Defendant, whether acting directly or through any other Person, is hereby PERMANENTLY ENJOINED from attempting to collect, collecting, selling, or assigning, or otherwise transferring any right to collect payment from any consumer who purchased or agreed to purchase Consumer Financial Products or Services, Mortgage Assistance Relief Products or Services, or Debt Relief Products or Services from Defendants.

### VII. Cooperation with Plaintiffs

IT IS FURTHER ORDERED that the Settling Defendant shall, in connection with this action or any subsequent investigation or litigation related to or associated with the transactions or occurrences that are the subject of Plaintiffs' Amended Complaint, cooperate in good faith with Plaintiffs, and appear at such places and times as Plaintiffs shall reasonably request, after written notice, for interviews, conferences, pretrial discovery, review of documents, and for such other matters as may be reasonably requested by Plaintiffs. If requested in writing by Plaintiffs, the Settling Defendant shall appear and testify at any trial, deposition, or other proceeding related to or associated with the transactions or the occurrences that are the subject of the Amended Complaint, without service of a subpoena.

### VIII. Receivership

IT IS FURTHER ORDERED that the receivership imposed by this Court shall continue as set forth in the Court's preliminary injunction orders dated August 22, 2014 (Doc. No. 42) and September 24, 2014 (Doc. No. 51). As a result, the Receiver shall continue to have the same duties and authorities as outlined in those orders so that he may continue to accomplish the tasks

outlined in those orders as well as the Court's August 1, 2014 Temporary Restraining Order (Doc. No. 10).

## IX. Cooperation With Receiver

IT IS FURTHER ORDERED that Settling Defendant, and his successors, assigns, officers, agents, directors, employees, salespersons, independent contractors, attorneys, and corporations, and all other persons or entities in active concert or participation with him, who receive actual notice of this Final Order and Permanent Injunction by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, shall fully cooperate with and assist the Receiver.

## X. Prohibition on Release of Consumer Information

IT IS FURTHER ORDERED that, except as required by a law enforcement agency, law, regulation, or court order, Settling Defendant, and his successors, assigns, officers, agents, servants, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Final Order and Permanent Injunction by personal service or otherwise, are PERMANENTLY ENJOINED from disclosing, using, or benefitting from consumer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a consumer's account (including a credit card, bank account, or other financial account), of any Person, which any Defendant obtained prior to entry of this Final Order and Permanent Injunction in connection with any Mortgage Assistance Relief Product or Service, Consumer Financial Product or Service, or Debt Relief Product or Service.

At the conclusion of this case and upon request of Plaintiffs, Settling Defendant shall dispose of any such consumer information in all forms in his possession, custody, or control

12

within fourteen (14) days of Plaintiffs' request. Disposal shall be by means that protect against unauthorized access to the consumer information, such as by shredding any papers and by erasing or destroying any electronic media, to ensure that the consumer information cannot practicably be read or reconstructed.

*Provided, however*, that prior to destroying any consumer information, Settling Defendant may disclose such information to the extent requested by a government agency or required by a law, regulation, or court order.

### XI. Monetary Judgment

IT IS FURTHER ORDERED that JUDGMENT is hereby entered in favor of Plaintiffs against Defendant Gary DiGirolamo in the amount of $1,101,000.00.

### XII. Obligation to Provide Periodic Financial Statement

IT IS FURTHER ORDERED that, commencing on June 1, 2015, and on an annual basis thereafter until the respective Monetary Judgment set forth in Section XI is paid in full, Settling Defendant shall provide the Plaintiffs' attorneys with a complete and accurate financial statement in the same form as was required of other defendants by the Temporary Restraining Order (Doc. No. 10).

### XIII. Compliance Monitoring

IT IS FURTHER ORDERED that, for the purpose of monitoring Settling Defendant's compliance with Final Order and Permanent Injunction:

    A.    Within fourteen (14) days of receipt of a written request from a representative of Plaintiffs, Settling Defendant must: submit compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. Plaintiffs are

    authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by the Federal Rules of Civil Procedure.

 B. For matters concerning this Final Order and Permanent Injunction, Plaintiffs are authorized to communicate directly with Settling Defendant. Settling Defendant must permit representatives of Plaintiffs to interview any employee or other Person affiliated with Settling Defendant who has agreed to such an interview.

 C. Plaintiffs are authorized by this Order to use all other lawful means, including posing, through their representatives, as consumers, suppliers, or other individuals or entities, to Settling Defendant or any individual or entity affiliated with Settling Defendant, without the necessity of identification or prior notice.

## XIV. Settling Defendant's Duty to Distribute This Final Order and Permanent Injunction

IT IS FURTHER ORDERED that Settling Defendant shall immediately provide a copy of this Final Order and Permanent Injunction to each affiliate, subsidiary, division, sales entity, successor, assign, officer, director, employee, independent contractor, client company, electronic data host, agent, authorized signatory to bank accounts, attorney, spouse, and representative of Settling Defendant and shall, within ten business days from the filing of this Final Order and Permanent Injunction, provide Plaintiffs' counsel with a sworn statement that: (a) confirms that Settling Defendant has provided copies of this Final Order and Permanent Injunction as required by this Section and (b) lists the names and addresses of each entity or Person to whom Settling Defendant provided a copy of this Final Order and Permanent Injunction. Furthermore, Settling Defendant shall not take any action that would encourage officers, agents, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliates, successors, assigns, or other Persons or entities in active concert or participation with Settling Defendant to disregard

this Final Order and Permanent Injunction or believe that they are not bound by its provisions.

## XV. Right to Reopen

IT IS FURTHER ORDERED that Plaintiffs' agreement to, and the Court's approval of, this Final Order and Permanent Injunction is expressly premised on the truthfulness, accuracy, and completeness of Settling Defendant's financial documents and other information submitted to Plaintiffs. If, upon motion by Plaintiffs, the Court finds that the Settling Defendant has failed to disclose any material Asset or has made any material misrepresentation or omission, including materially misstating the value of any Asset, then this Final Order and Permanent Injunction shall be reopened.

*Provided, however,* that in all other respects this Final Order and Permanent Injunction shall remain in full force and effect unless otherwise ordered by the Court; and, *provided further*, that proceedings instituted under this provision would be in addition to, and not in lieu of any other civil or criminal remedies as may be provided by law, including any other proceeding that Plaintiffs may initiate to enforce this Final Order and Permanent Injunction. For purposes of this Section, Settling Defendant waives any right to contest any of the allegations in the Amended Complaint.

## XVI. Retention of Jurisdiction

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Final Order and Permanent Injunction.

**JUDGMENT IS THEREFORE ENTERED** in favor of Plaintiffs and against the Settling Defendant pursuant to the terms and conditions contained above.

**SO STIPULATED:**

Date: 2/5/2015

OFFICE OF THE ATTORNEY GENERAL
THE STATE OF FLORIDA,
DEPARTMENT OF LEGAL AFFAIRS

Pamela Jo Bondi
Attorney General

Amanda Arnold Sansone, FL Bar # 587311
amanda.sansone@myfloridalegal.com
Richard Schiffer, FL Bar #74418
richard.schiffer@myfloridalegal.com
3507 East Frontage Road #325
Tampa, Florida 33607
Phone: 813-287-7950
Fax: 813-281-5515

THE STATE OF CONNECTICUT

George Jepsen
Attorney General

Date: 2/5/15

Joseph J. Chambers, CT 26948
Assistant Attorney General
joseph.chambers@ct.gov
Connecticut Office of the Attorney General
P.O. Box 120
55 Elm Street
Hartford, CT 06141-0120
Phone: 860-808-5270
Fax: 860-808-5385

16

Date: 2/5/2015

*Nicole Ayala* (signature)
Nicole Ayala, CT 29575
Special Assistant Attorney General
nicole.ayala@ct.gov
Connecticut Department of Consumer Protection
165 Capitol Ave.
Hartford, CT 06106
Phone: 860-713-6096
Fax: 860-706-1228

**DEFENDANT GARY DIGIROLAMO**

Date: 2/4/2015

*Gary DiGirolamo* (signature)
Gary DiGirolamo

**DONE AND ORDERED** in Tampa, Florida, this 10 day of Feb., 2015.

*James S. Moody Jr.* (signature)
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

17